# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| ROGER MARTIN FRANDSEN,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY MATTHEW DARLINGTON, et. al.,<br><br>Defendants. | Cause No. CV-08-026-GF-SEH-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE |

Pending are Defendants Mellot's and Hedges's Motions to Dismiss Plaintiff's civil rights claims against them (Documents 24 and 29), Plaintiff's Motion to Appoint Counsel (Document 36), and Defendant Hedges's Motion to Strike Plaintiff's Response to Hedges's Motion to Dismiss. (document 38).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 seeking to recover for an alleged excessive use of force during the course of his arrest on January 18, 2006. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## I. MOTION TO STRIKE

In his Motion to Strike, Defendant Hedges argues Frandsen's response should not be considered because Hedges's Motion to Dismiss was filed on July

31, 2009 and Frandsen did not file a response until October 7, 2009.[1]  In his response briefs, Plaintiff contends he has very limited access to the law library computer because there is only one computer for 80 men and only 16 hours available per month for all 80 men.  Further Plaintiff contends is not a lawyer and is rather ignorant in the "elaborate ways" of the law.

There is no doubt Plaintiff failed to timely respond to Defendants' Motions. While the Court does not condone the lateness of Plaintiff's response, there is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  See *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)(regarding default judgments); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-6 (9th Cir. 1987)(regarding granting leave to amend under Rule 15); *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002)(Fed.R.Civ.P. 41(b) dismissals); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)(policy favoring resolution on the merits "is particularly important in civil rights cases."). In light of this policy, the requirement pro se documents be construed liberally, and the lack of prejudice to Defendants, the Court will consider Plaintiff's response.

---

[1] Defendant Mellot makes a similar argument in his reply brief.  (Document 37).

That being said, Plaintiff is advised that although his untimely responses will be considered in this instance, such dilatory actions and failure to abide by the rules will not be tolerated in the future.

## II.  STANDARD OF REVIEW

Defendants Mellot and Hedges filed Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that the Court dismiss for failure to state a claim upon which relief can be granted.  In ruling on Defendants's Motions to Dismiss, review is limited to the contents of Plaintiff's Amended Complaint.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  Plaintiff's factual allegations must be taken as true and construed in the light most favorable to Plaintiff.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling plaintiff to relief."  *Id., at* 946.  A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965. (2007).  But, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action.  *Id.* at 1966.  The plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, the plaintiff must

allege enough facts to state a claim for relief that is plausible on its face.  *Id.* at 1974.  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's pleadings liberally.  *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (same).  "'A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)); *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Karim-Panahi*, 839 F.2d at 623 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### III.  ANALYSIS

Defendants move to dismiss Plaintiff's claims arguing he failed to set forth any specific factual allegations establishing Defendants Mellot and Hedges personally participated in any of the alleged conduct at issue.  In his response Plaintiff alleges Defendants Mellot and Hedges were at the scene of the use of excessive force providing "leathal cover" and that they both watched the malicious assault upon his person and failed to stop the assault.

In addition, Plaintiff alleged in his Amended Complaint, "[a]ll the officers are responsible for this malicious assault even the ones who stood and witness without tryiin [sic] to help me or stop the assault."  (Document 11, p. 7).  The Court in prescreening Plaintiff's Amended Complaint construed this as claims of failure to intervene.  Plaintiff clarifies in his response that he has brought failure to intervene claims against Defendants Mellot and Hedges.[2]

An officer can be liable under the Fourth Amendment for failing to intervene in a situation when fellow officers are utilizing excessive force.  *See Motley v. Parks*, 383 F.3d 1058, 1071 (9th Cir. 2004) citing *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994) rev'd on other grounds, 518 U.S. 81 (1996) ("[A]n officer who failed to intercede when his colleagues were depriving a victim of his

---

[2]Even if Plaintiff had failed to state a claim in his Amended Complaint, Plaintiff would have to be given "leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Karim-Panahi*, 839 F.2d at 623.

Fourth Amendment right to be free from unreasonable force in the course of an arrest would, like his colleagues, be responsible for subjecting the victim to a deprivation of his Fourth Amendment rights."); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (holding that "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" when another official acts unconstitutionally); O'Neill v. Krzeminski, 839 F.2d 9, 11 (2nd Cir. 1988) ("A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers.").

Plaintiff sufficiently stated a claim for failure to intervene in his Amended Complaint and clarified his claim in his response to Defendants' Motions to Dismiss.  As such, he has sufficiently stated a claim against Defendants Mellot and Hedges and the motions to dismiss should be denied.   This ruling does not imply any opinion whether Plaintiff will ultimately be able to substantiate these allegations.

## IV.  MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998).  28 U.S.C.§ 1915 only allows the Court to "request" counsel represent a litigant who is proceeding in forma

pauperis. 28 U.S.C. §1915(e)(1). The Court cannot make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

Therefore, the Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Id*. (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); *see also Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

Plaintiff indicates he is not a lawyer, has limited legal access, and is ignorant of the "elaborate ways" of the law. Plaintiff cites a Second Circuit case and argues there is a stronger case for appointment of counsel if the case largely turns of conflicting testimony involving the credibility of witnesses. (Document 36, p. 2 citing *Hodge v. Police Officers*, 802 F.2d 58, 62 (2nd Cir. 1986)).

Despite this argument, Plaintiff has not set forth a sufficient basis upon which to appoint counsel. Although Plaintiff contends he is not in a position to litigant this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn, 789 F.2d at 1331*. Similarly, factual disputes and anticipated examination of witnesses at trial does not warrant the finding of exceptional circumstances supporting an appointment of counsel. *See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997)* (holding that even though the appellant "may well have fared better-particularly in the realms of discovery and the securing of expert testimony- but this is not the test.") overruled on other grounds, *Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)(en banc)*.

In determining whether an indigent pro se litigant should receive counsel, an assessment of that litigant's performance in the case may be considered as evidence that he has some ability to navigate in the legal proceedings. *See Plummer v. Grimes, 87 F.3d 1032, 1033 (9th Cir. 1996)*. In the instant case, Plaintiff has demonstrated the ability to articulate his position, conduct legal research, and comprehend this Court's instructions. The motion will be denied.

Accordingly, the Court issues the following:

## ORDER

1. Plaintiff's Motion for Appointment of Counsel (Document 36) is **DENIED**.

2. Defendant Hedges's Motion to Strike (Document 38) is **DENIED**.

3. Pursuant to Fed.R.Civ.P. 12(a)(4)(A), Defendants Mellot and Hedges's Answers shall be served within 10 days of the date of service of this Order as indicated on the Notice of Electronic Filing.

4. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### **RECOMMENDATIONS**

Defendants Mellot and Hedges's Motions to Dismiss (Documents 24 and 29) should be **DENIED.**

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of November, 2009.

/s/Keith Strong
Keith Strong
United States Magistrate Judge