# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| ROGER MARTIN FRANDSEN,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY MATTHEW DARLINGTON, et al.,<br><br>Defendants. | Cause No. CV-08-026-GF-SEH-RKS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

Plaintiff Roger Frandsen is a pro se prisoner granted permission to proceed in forma pauperis in this action filed under 42 U.S.C. § 1983. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Pending is Mr. Frandsen's Motion to Compel Discovery from Defendants Scott VanDyken and Matthew Darlington (Court Doc. 65). As set forth herein, Mr. Frandsen's Motion will be granted in part and denied in part.

There seems to be a misunderstanding regarding what issues remain pending. On June 3, 2009, the Court issued its prescreening/

service order.  (Court Doc. 19).  In that Order, the Court acknowledged it was possible Mr. Frandsen's excessive force claims could be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  But because the factual record at that point in the litigation was "slim" and all the facts and circumstances could not be determined, the Court served <u>all</u> excessive force claims.  Only Mr. Frandsen's allegations that Defendants lied, fabricated evidence and tampered with crucial evidence were dismissed based upon the *Heck* doctrine.

No excessive force claims have been dismissed.  While there may be an issue regarding whether claims arising from "the ramming incident" are barred by *Heck*, there has been no such determination made by this Court.  The "ramming incident" is still before this Court as an excessive force claim.  Therefore, all discovery requests regarding that ramming incident are relevant and should have been responded to by Defendants.

The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure which provides that, "[r]elevant information need not

be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Utilizing this standard, the Court will now analyze Mr. Frandsen's motion. First, Defendants indicated they supplemented their responses to the VanDyken Request for Admission No. 1 and VanDyken Interrogatory No. 2. Mr. Frandsen did not file a reply. Therefore, the motion will be denied as to those requests.

Defendant VanDyken denied Mr. Frandsen's Request for Admission No. 2. This appears adequate and there is nothing further to compel. The motion will be denied as to that request.

Mr. Frandsen's requests regarding the alleged destruction of evidence and/or tampering with evidence will not be allowed. Those claims have been dismissed and therefore requests regarding those issues are not reasonably calculated to lead to the discovery of admissible evidence. This includes: VanDyken Request for Admission 3(sic), Darlington Interrogatory No. 6, Darlington Interrogatory No. 10, Darlington Request for Admission No. 10(sic), and Darlington Request for Admission No. 11(sic).

Given the issues remaining in this case, the information requested in the remainder of Mr. Frandsen's discovery requests appears reasonably calculated to lead to the discovery of admissible evidence. For example, dash cam videos and audios (if any) will likely be important evidence in this case. As such, Mr. Frandsen is entitled to receive discovery regarding the policies governing dash cam videos/audios. Therefore, his motion will be granted as to VanDyken Request for Admission No. 3, VanDyken Interrogatory No. 1, Darlington Interrogatory No. 4, Darlington Interrogatory No. 7, Darlington Interrogatory No. 8, and Darlington Interrogatory No. 12.

Similarly, information regarding any injuries Deputy Darlington may have suffered during the alleged excessive force incidents may also be relevant including Darlington Interrogatory Nos. 1-3, Darlington Request for Production 1-2, and Darlington Interrogatory No. 11.

Moreover, any discovery request regarding the actual excessive force incidents will be allowed including Darlington Requests for Admission Nos. 2-8.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Frandsen's Motion to Compel is **GRANTED** with regard to VanDyken Request for Admission No. 3, VanDyken Interrogatory No. 1, Darlington Interrogatory No. 4, Darlington Interrogatory No. 7, Darlington Interrogatory No. 8, Darlington Interrogatory No. 12, Darlington Interrogatory Nos. 1-3, Darlington Request for Production 1-2, Darlington Interrogatory No. 11, and Darlington Requests for Admission Nos. 2-8.

2. Mr. Frandsen's Motion to Compel is **DENIED** with regard to VanDyken Request for Admission No. 1, VanDyken Interrogatory No. 2, VanDyken Request for Admission No. 2, VanDyken Request for Admission 3(sic), Darlington Interrogatory No. 6, Darlington Interrogatory No. 10, Darlington Request for Admission No. 10(sic), and Darlington Request for Admission No. 11(sic).

2. The following schedule will govern the production of this discovery and the determination of the motions for summary judgment:

 a. On or before **July 12, 2010**, Defendants Darlington and

VanDyken shall respond fully to VanDyken Request for Admission No. 3, VanDyken Interrogatory No. 1, Darlington Interrogatory No. 4, Darlington Interrogatory No. 7, Darlington Interrogatory No. 8, Darlington Interrogatory No. 12, Darlington Interrogatory Nos. 1-3, Darlington Request for Production 1-2, Darlington Interrogatory No. 11, and Darlington Requests for Admission Nos. 2-8 as set forth in this Order.

      b.  Defendants shall have until **July 12, 2010** to file any amended/supplemental motions for summary judgment.

      c.  Mr. Frandsen shall have until **August 9, 2010** to respond to all pending Motions for Summary Judgment.

    3.  As Mr. Frandsen has been previously advised, the failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of this action for failure to prosecute pursuant to [Federal Rule of Civil Procedure 41(b)](#).

    DATED this 17th day of June, 2010.

                                 */s/ Keith Strong*
                                 Keith Strong
                                 United States Magistrate Judge